OPINION
{¶ 1} On September 10, 2003, appellee, Federal National Mortgage Association, filed a complaint for money judgment, foreclosure and relief against appellant, Mary Roberts aka Mary Lewis. Appellant filed an answer and counterclaim on September 29, 2003.
 {¶ 2} On January 5, 2004, appellee filed a motion for summary judgment on the complaint. By judgment entry filed March 16, 2004, the trial court granted said motion.
 {¶ 3} On June 28, 2004, appellee filed a motion for summary judgment on the counterclaim. By judgment entry filed August 30, 2004, the trial court granted the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred to the prejudice of Defendant-Appellant in failing to require fnma to have a valid assignment of Mortgage debt."
 II {¶ 6} "The trial court erred to the prejudice of Defendant-Appellant in failing to require fnma to record a valid assignment of mortgage with the county recorder."
 I, II {¶ 7} Appellant claims the trial court erred in granting summary judgment to appellee. We disagree.
 {¶ 8} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 9} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 11} Specifically, appellant argues the assignment of the subject mortgage and promissory note to appellee was not recorded according to law and therefore, the assignment is invalid.
 {¶ 12} As evidenced by the complaint with the mortgage and note attached, the right to assign the mortgage and note was included in the mortgage at paragraph twenty and said right could be done without notice. The first assignment of the mortgage and note to Homeside Lending, Inc. was filed with the Delaware County Recorder on January 29, 2002, OR Book 0171, page 0256. See, Commitment for Title Insurance filed September 10, 2003, contemporaneous with complaint. Thereafter, Washington Mutual Bank FA, as successor in interest to Homeside, filed its assignment to appellee with the Delaware County Recorder on October 20, 2003, OR Book 435, page 1270-1271. See, Assignment dated August 8, 2003, attached to Plaintiff's Motion to Dismiss Counterclaim.
 {¶ 13} Appellant argues the only valid way to file an assignment of a mortgage is set forth in R.C. 5301.28 which states the following:
 {¶ 14} "When the mortgagee of property within this state, or the party to whom the mortgage has been assigned, either by a separate instrument, or in writing on that mortgage, or on the margin of the record of the mortgage, which assignment, if in writing on the mortgage or on the margin of the record of the mortgage, need not be acknowledged, receives payment of any part of the money due the holder of the mortgage, and secured by the mortgage, and enters satisfaction or a receipt for the payment, either on the mortgage or its record, that satisfaction or receipt, when entered on the record, or copied on the record from the original mortgage by the county recorder, will release the mortgage to the extent of the receipt. In all cases when a mortgage has been assigned in writing on that mortgage, the recorder shall copy the assignment from the original mortgage upon the margin of the record of the mortgage before the satisfaction or receipt is entered upon the record of the mortgage."
 {¶ 15} Pursuant to R.C. 5301.31, a recording of an assignment separate and apart from a notation on the "margin of the record of the mortgage" is permitted. R.C. 5301.32 specifies the procedures for assignments of mortgages as follows:
 {¶ 16} "A mortgage may be assigned or partially released by a separate instrument of assignment or partial release, acknowledged as provided by section 5301.01 of the Revised Code. The separate instrument of assignment or partial release shall be recorded in the book provided by section 5301.34 of the Revised Code for the recording of satisfactions of mortgages. The county recorder shall be entitled to charge the fee for that recording as provided by section 317.32 of the Revised Code for recording deeds. The signature of a person on the assignment or partial release may be a facsimile of that person's signature. A facsimile of a signature on an assignment or partial release is equivalent to and constitutes the written signature of the person for all requirements regarding mortgage assignments or partial releases."
 {¶ 17} Based upon the notations in the Commitment for Title Insurance and the August 8, 2003 Assignment, we find the assignment at issue was properly recorded in this case.
 {¶ 18} Upon review, we find the trial court correctly granted summary judgment in favor of appellee.
 {¶ 19} In addition, we note no supercedes bond was filed, but the mortgager, via entry, cancelled the sale based upon a suggestion of bankruptcy filing by appellant. During oral argument, appellant informed this court that the bankruptcy filing was voluntarily dismissed.
 {¶ 20} Assignments of Error I and II are denied.
 {¶ 21} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, P.J., Wise, J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.